# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

| | | |
|---|---|---|
| GABRIEL BUSH, <br> Reg #12972-003 <br> <br> Petitioner, <br> v. <br> <br> DEWAYNE HENDRIX, Warden, <br> FCI – Forrest City, <br> <br> Respondent. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | No. 2:19-cv-00166-JJV |

## **MEMORANDUM AND ORDER**

**I.    PROCEDURAL HISTORY**

On July 24, 2013, Petitioner pleaded guilty to a charge of access device fraud, in violation of 18 U.S.C. § 1029(a)(2). (Doc. 5 at 1.) The United States District Court for the Southern District of Alabama sentenced him to 5 years' probation and ordered him to pay restitution in the amount of $11,200. (Doc. 5-1.). Mr. Bush violated the terms of his probation and was sentenced to 3 months imprisonment, followed by 24 months of supervised release, on October 5, 2017. Mr. Bush once again violated the terms of his supervised released and was sentenced to 10 months' imprisonment, followed by 23 months of supervise release, on February 8, 2018. (Doc. 5-2 at 6.)

Petitioner's subsequent third violation of his supervised release resulted in a sentence of 24 months' imprisonment. (Doc. 5-3.) This time, Mr. Bush appealed his sentence to the Eleventh Circuit Court of Appeals on grounds that his sentence was unreasonable. On November 4, 2019, the Court affirmed his sentence, describing it as the maximum allowed by law, but reasonably applied. (Doc. 1 at 23.)

Mr. Bush filed a *pro se* petition for rehearing and an emergency motion for relief on December 3, 2019. (Doc. 5-4 at 3.) The Eleventh Circuit denied his motions on January 24, 2020. (Doc. 5-4 at 4.) Additionally, Mr. Bush filed an emergency *pro se* Rule 60(b) motion with the district court, which was denied without prejudice on January 22, 2020. (Doc. 5-5.)

Now, Mr. Bush, an inmate at the Forrest City Low Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. 1.) After careful consideration of the Petition, for the following reasons, I find this Court lacks jurisdiction and the Petition must be dismissed.

## II.     ANALYSIS

Mr. Bush raises just one claim in his Petition. He challenges the validity of his 24-month sentence, arguing he was "sentenced over the statutory maximum allowed for [his] sentence." (Doc. 1 at 2.)

Although he initiated this cause of action as a 28 U.S.C. § 2241 habeas corpus petition, Mr. Bush's sole claim relates to his conviction and sentence from the Southern District of Alabama. And inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 petition to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983). In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002);

*DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Based upon the argument set forth in the Petition, it is clear that Mr. Bush is continuing to argue about the validity of his conviction and sentence, rather than the manner in which his sentence is being carried out.

As a purely practical matter, it is the burden of the prisoner to demonstrate that § 2255 relief in the sentencing court would be unavailable or ineffective. *DeSimone*, 805 F.2d at 323 (quoting *Von Ludwitz v. Ralston,* 716 F.2d 528, 529 (8th Cir. 1983) (per curiam)). In establishing such a requirement, the United States Court of Appeals for the Eighth Circuit has clearly stated:

> Significantly, in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition. This court has held a § 2255 motion is not 'inadequate or ineffective' merely because: (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)).

The situation described in *Morrison* applies in this case. For this Court to be permitted to invoke jurisdiction over these claims, Mr. Bush must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004); *Hill,* 349 F.3d at 1091. In this case, Mr. Bush has not yet even filed a § 2255 petition with the Southern District of Alabama. For us to even begin to evaluate whether relief is applicable, Mr. Bush would need to provide some justification to allow us to have jurisdiction. However, Mr. Bush provides no cognizable justification for this petition that would allow me to evaluate his claims here.

Accordingly, this Court lacks jurisdiction and this Petition must be dismissed or transferred. And because Mr. Bush has failed to even attempt a petition for § 2255 relief, he must

first petition the Southern District of Alabama for the appropriate relief. Therefore, his Petition is dismissed.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED that the Petition for Writ of Habeas Corpus (Doc. 1) be dismissed for lack of jurisdiction.

DATED this 9th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE